BARBARA J. PATMON, Plaintiff-Appellee, v. WILLIAM COFFEY, JR., Defendant-Appellant.

(No. 56643; ▮▮▮▮▮▮

First District (4th Division)—May 23, 1973.

Foos and Sexner, Ltd., of Chicago, (William L. Meyers, of counsel,) for appellant.

Raymond E. Harth, of Chicago, (Rogers, Garnett, Harth, Vital & Stroger, of counsel,) for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This action for declaration of paternity and for an order of support was tried without a jury in the Circuit Court of Cook County, and the defendant was adjudged to be the father of the complainant's child and ordered to pay $150 per month for support.

The issue on appeal is whether the court erred in not allowing the defendant to introduce evidence which would impeach the credibility of the plaintiff.

The plaintiff, Barbara J. Patmon, filed a complaint on October 16, 1970, alleging the defendant, William Coffey, was the father of her child born out of wedlock. She testified she had sexual relations with no one but the defendant between October of 1967 and February of 1968, and her child was born on October 30, 1968. After the birth of the child she testified the defendant gave her nine checks and some cash.

The defendant testified he did not have sexual relations with Barbara Patmon after November of 1967, and gave her the money as loans even though he was aware she had charged him with being the father of the child.

The defendant's sole basis of appeal is the court precluded him from impeaching the complainant's credibility. Although he made no offer of proof at trial, he states on appeal he wanted to introduce prior inconsistent statements to show Barbara Patmon was not married to one James Green between the years of 1958 and 1962, as she stated on her discovery deposition.

The law is clear that prior inconsistent statements as to material matters are admissible to impeach a witness. (*People v. Mathews* (1959), 17 Ill.2d 502; *Black v. DeWitt* (1965), 55 Ill.App.2d 220.) This is especially important in paternity cases where the plaintiff and the defendant are likely to be the only witnesses. However, in the instant case, the proposed impeachment with respect to the plaintiff's marital status between 1958 and 1962 had no reference to a material element of the case, and the rulings of the trial court were entirely correct.

For these reasons, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN, P. J., and ADESKO, J., concur.